E-FILED
Monday, 03 April, 2017  11:32:53 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRANDON KERBY,                    )
   Plaintiff,                    )
                                )     Case No. 16-2392
                                )
NURSE TAMMY DOE, et. al.,          )
   Defendants.                   )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint.  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, says his constitutional rights were violated at the Kankakee County Jail by Nurse Tammy Doe, Sheriff Bukowski, Officer Sessions, Officer Mehand, Officer Brinkmen, Officer McCabe and Officer Latrel.  Plaintiff says on February 14, 2015, water leaked from the ceiling to the dayroom floor.  Plaintiff alleges most of the Defendants must have observed the water during their security checks. Nonetheless, no one warned the Plaintiff about the water on the floor and he slipped and fell hitting his back.

To demonstrate a constitutional violation, Plaintiff "must establish: (1) that he was incarcerated under conditions posing a substantial risk of harm and (2) that the

1

defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Mere negligence or inadvertence is not enough. *Pinkston v. Madry,* 440 F.3d 879, 889 (7th Cir. 2006); *Eddmonds v. Walker,* 317 Fed.Appx. 556, 558 (7th Cir. 2009). In addition, the conditions alleged must be severe. *See Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001). Consequently, Courts have consistently held that slippery floors or slip and fall claims do not implicate the Constitution. *See Pyles v. Fahim,* 771 F.3d 403 (7th Cir. 2014)(stating slippery surfaces do not constitute a hazardous condition of confinement); *Bell v. Ward,* 88 Fed. Appx. 125, 126 (7th Cir.2004) (affirming the dismissal of a slip and fall claim pursuant to 28 U.S.C. § 1915A); *Reynolds v. Powell,* 370 F.3d 1028, 1031 (10th Cir.2004)(" slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.")(collecting cases); *Coleman v. Sweetin,* 745 F.3d 756, 764 (5th Cir. 2014) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding *sua sponte* dismissal of deliberate-indifference claim brought by inmate who slipped and fell in shower); *LeMaire v. Maass,* 12 F.3d 1444,1457 (9th Cir.1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); *Bonds v. Mollenhauer*, 2011 WL 2326968, at *1 (N.D.Ind. June 6, 2011)(no constitutional violation although officer took no steps to eliminate standing water on dayroom floor). Therefore, Plaintiff has failed to articulate a claim based on the water on the dayroom floor or his fall.

Plaintiff says after he fell, officers called for medical staff.  When Nurse Tammy arrived, Plaintiff reported he was in extreme pain.  Nonetheless, the nurse instructed officers to drag Plaintiff back to his cell.  Plaintiff admits Nurse Tammy provided him with unknown medication, but she refused his request for an x-ray.  Plaintiff says despite his continued requests for medical care, he did not see any other staff member for 11 days.  Plaintiff further alleges he is still suffering with back pains and spasms.

For the purposes of notice pleading, Plaintiff has adequately alleged Defendant Nurse Tammy was deliberately indifferent to his serious medical condition.  However, Plaintiff is advised he must be able to demonstrate he suffered from a serious medical condition.  In addition, "[a]n inmate who claims that a delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).  "[A] non-trivial delay in treating serious pain can be actionable even without expert medical testimony showing that the delay aggravated the underlying condition." *Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010).

Plaintiff has also filed a motion for appointment of counsel.[5]  Plaintiff has no constitutional right to the appointment of counsel.  In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff states he has written to one law firm without success. The Court does not find contacting one firm to be a reasonable attempt to find counsel on his own. Plaintiff's motion is therefore denied with leave to renew. [5] Any additional motion should include copies of letters sent or received in Plaintiff's attempt to find representation.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Nurse Tammy was deliberately indifferent to his serious medical condition, back pain, in February of 2015. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent

to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)  With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)  Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)  This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff

does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The Clerk of the Court is directed to dismiss Defendants Bukowski, Sessions, Mehand, Brinkman, McCabe and Latrel for failure to state a claim upon which relief can be granted.  In addition, to clarify the docket, the Clerk should dismiss Nurse Jane Doe and instead add Nurse Tammy to the docket.  Nurse Tammy is the sole, remaining Defendant.**

12) **Plaintiff's motion for appointment of counsel is denied with leave to renew. [5] Plaintiff's motion for a status update is denied as moot. [6]**

13) **The Clerk of the Court is to attempt service on the Defendant pursuant to the standard procedures.**

14) **The Clerk is finally directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 3rd day of April, 2017

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE